Submitted on the record February 27, ballot title referred to Attorney General for modification March 23, modified ballot title certified April 9, 2007 (342 Or 634)

David FIDANQUE
and Andrea Meyer,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S54310)

155 P3d 867

Gregory A. Chaimov, of Davis Wright Tremaine LLP, Portland, filed the petition for petitioners.

Ryan Kahn, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

BALMER, J.

**BALMER, J.**

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 54 (2008). The proposed measure would amend the Oregon Constitution to permit local governments and the state to "use their regulatory authority to restrict any strip act, to the extent [such regulation is] allowed under the United States Constitution." The proposed measure defines "strip act" to mean, in part, "a performance when a person (or persons) appears nude or partially nude * * * before one or more patrons of a club or business enterprise[.]"

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title and who therefore are entitled to seek review in this court of the resulting certified ballot title. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5). In the present case, we conclude that the certified ballot title fails to comply in one respect. We therefore refer the ballot title to the Attorney General for modification.

■ ■ Article I, section 8, of the Oregon Constitution, provides:

> "No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of that right."

Article I, section 8, prohibits state laws and local ordinances that restrict certain expression solely on the basis of its content, including laws and ordinances that restrict nude dancing. *State v. Ciancanelli*, 339 Or 282, 311, 121 P3d 613 (2005); *see also City of Nyssa v. Dufloth / Smith*, 339 Or 330, 121 P3d 639 (2005) (holding unconstitutional city ordinance that imposed restrictions on nude performances in certain establishments but not on other kinds of performances). Initiative Petition 54 would amend the Oregon Constitution to permit

local governments and the state to regulate "strip acts," including expressive conduct that includes nudity, to the extent that the United States Constitution permits such regulation. The proponents of Initiative Petition 54 apparently think—correctly—that the United States Supreme Court allows greater regulation of such activity under the First Amendment than is permitted under Article I, section 8. *See Erie v. Pap's A. M.*, 529 US 277, 120 S Ct 1382, 146 L Ed 2d 265 (2000) (public indecency ordinance, as applied to nude dancing, did not violate free expression provision of First Amendment).

The Attorney General certified the following ballot title for Initiative Petition 54:

"AMENDS CONSTITUTION: ALLOWS STATE OR LOCAL GOVERNMENTS TO USE THEIR REGULATORY AUTHORITY TO RESTRICT 'STRIP ACTS' (DEFINED)

"RESULT OF 'YES' VOTE: 'Yes' vote allows state, local governments to use their regulatory authority to restrict nude, partially nude performances to the extent allowed under United States Constitution.

"RESULT OF 'NO' VOTE: 'No' vote retains state constitutional law, which prohibits governments from imposing restrictions on nude or partially nude performances based on expressive nature of activity.

"SUMMARY: Amends Constitution. Currently, free-expression provision of Oregon Constitution prohibits government restrictions on nude, partially nude performances based on expressive nature of the activity; free-expression provision of United States Constitution allows some restrictions on nude, partially nude performances. Measure allows state, local governments to use their regulatory authority to restrict 'any strip act' to the extent allowed under federal constitution. Defines 'strip act' as a performance where a person appears or becomes nude or partially nude before patrons of a club or business, customers of stripper, or members of public; governments may establish more detailed definition. Provides for 'good faith and common sense interpretation'; intended to allow restrictions that other state, local governments have adopted, to the

extent allowed under federal constitution. Other provisions."

Petitioners challenge the "yes" vote result statement and the summary of the ballot title that the Attorney General certified. We have considered petitioners' challenges to the summary and conclude that petitioner's specific objections are not well taken. We turn to the "yes" vote result statement.

■ The "yes" vote result statement must "describe the result if the state measure is approved." ORS 250.035(2)(b). Petitioners argue that the "yes" vote result statement, quoted above, does not adequately describe the "result" if Initiative Petition 54 is approved because "the statement fails to mention that adoption of the measure will override the guarantee in Article I, section 8[,] of freedom from laws restricting expressive activity." Petitioners contrast the omission of any reference to the Oregon Constitution in the "yes" vote result statement with the inclusion of a reference to "state constitutional law" in the "no" vote result statement. Petitioners also contend that the "yes" vote result statement's focus on "allowing" regulation of nude performances (to the extent permitted by the federal constitution) obscures the fact that the measure would "limit[ ] the [f]ree [e]xpression guarantee of the Oregon [C]onstitution."

The Attorney General responds that "the result of the proposed measure is not to 'limit' Oregon's free-expression provision, as such" or to overturn any particular court decisions striking down ordinances or statutes under Article I, section 8. Instead, the Attorney General maintains, the "result" of the measure is to allow state and local governments to use their "regulatory authority" to restrict strip acts, to the extent allowed under the federal constitution.

We agree with petitioners that the "yes" vote result statement must state, in some way, that Initiative Petition 54 would change the free expression right protected by the Oregon Constitution. That would be the result if the measure were approved. Local governments and the state government already possess the "authority" to regulate many aspects of life by, for example, enacting laws respecting health and safety, alcoholic beverages, and zoning. Article I, section 8,

however, now prohibits such regulations if they restrict free expression on the basis of its content. By describing the "result" of Initiative Petition 54, if approved, only as allowing the regulation of "strip acts" to the extent permitted under the federal constitution, the "yes" vote result statement misses the important change that the measure would make to the right to free expression under the Oregon Constitution. Because the "yes" vote result statement does not adequately describe that result, it must be modified.

■    We add one final observation. In addition to their critique of the Attorney General's "yes" vote result statement, petitioners suggested an alternative statement.[1] The Attorney General then responded that petitioners' alternative "yes" vote result statement is flawed because it fails to refer to the limits that the *federal* constitution places on state laws restricting "strip acts." The Attorney General asserts that it would be misleading to use petitioners' proposed statement because its wording suggests that the measure would eliminate all constitutional protection, federal as well as state, for "strip acts." In the context of this (or any) ballot title review proceeding, however, the parties' disagreement in that respect is irrelevant. It is not our function to endorse or disapprove of petitioners' proposed "yes" vote result statement; our role is limited to concluding that the "yes" vote result statement presently placed in the Attorney General's certified ballot title does not comply substantially with ORS 250.035(2)(b).[2]

Ballot title referred to Attorney General for modification.

---

[1] Petitioners proposed the following:

"RESULT OF 'YES' VOTE: 'Yes' vote limits free expression provision by allowing state, local governments to restrict nude and 'partially nude' 'performances' (undefined) based on expressive nature of activity."

[2] We note that, prior to 2001, the Oregon Rules of Appellate Procedure required a petitioner in a ballot title review proceeding to include in the petition "a proposed ballot title that the petitioner believes would substantially comply [with the requirements of ORS 250.035 and ORS 250.039] * * *." ORAP 11.30(4)(b) (1999). That requirement has been eliminated, and petitioners may choose to include or not to include a proposed alternative ballot title (or part thereof) based on whether they believe that a proposed alternative would assist the court in its consideration of their petition.