Submitted on the record September 25, ballot titles referred to Attorney General for modification November 8, modified ballot titles certified December 21, 2007 (343 Or 692)

Andrea MEYER
and David Fidanque,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55103) (Control)

Joan HORTON,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55108)

Jerry CARUTHERS
and Larry Wolf,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55113)

Andrea MEYER
and David Fidanque,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55105) (Control)

Joan HORTON,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55109)

Jerry CARUTHERS
and Larry Wolf,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55114)

Andrea MEYER
and David Fidanque,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55104) (Control)

Jerry CARUTHERS
and Larry Wolf,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55115)

Andrea MEYER
and David Fidanque,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55102) (Control)

Jerry CARUTHERS
and Larry Wolf,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55116)

(Consolidated for Opinion)

171 P3d 937

402

P.K. Runkles-Pearson, of Stoel Rives LLP, Portland, filed the petitions and the replies for petitioners Andrea Meyer and David Fidanque in S55102, S55103, S55104, and S55105.

Daniel W. Meek, Portland, filed the petitions and the replies for petitioner Joan Horton in S55108 and S55109.

Margaret S. Olney, of Smith, Diamond & Olney, Portland, filed the petitions for petitioners Jerry Caruthers and Larry Wolf in S55113, S55114, S55115, and S55116.

Paul L. Smith, Assistant Attorney General, Salem, filed the answering memoranda for respondent. With him on the memoranda were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Linda K. Williams, Portland, filed the memoranda for *amicus curiae* B. Elizabeth Trojan.

BALMER, J.

**BALMER, J.**

These ten ballot title review proceedings, which we consolidated for purposes of opinion and disposition, are brought under ORS 250.085(2). They concern the Attorney General's certified ballot titles for four proposed initiative measures that the Secretary of State has denominated as Initiative Petitions 100, 101, 102, and 103 (2008). Each of the proposed measures would amend the Oregon Constitution with respect to political campaign contribution and expenditure limits, as we describe in further detail below.

Petitioners Meyer and Fidanque and petitioners Caruthers and Wolf challenge each of the four certified ballot titles. Petitioner Horton challenges only the certified ballot titles for Initiative Petitions 100 and 101. Petitioners are electors who timely submitted written comments to the Secretary of State concerning each of the Attorney General's draft ballot titles that they now challenge and who therefore are entitled to seek review in this court of the resulting certified ballot titles. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot titles to determine whether they substantially comply with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5). In the present cases, we conclude that the caption and the "yes" vote result statement in each of the certified ballot titles fail to comply in one respect. We therefore refer the ballot titles to the Attorney General for modification.

## I. INITIATIVE PETITION 100

In *Vannatta v. Keisling*, 324 Or 514, 524, 931 P2d 770 (1997), this court held that "both campaign contributions and expenditures are forms of expression for the purposes of Article I, section 8[,]" of the Oregon Constitution. The court went on to hold unconstitutional under Article I, section 8, various statutory limits on campaign contributions. *Id.* at 537-42. At the same time, the court upheld limits on campaign expenditures that it concluded were voluntary, including schemes that encouraged candidates to limit their expenditures by offering them tax credits and other incentives. *Id.* at 542-45.

Initiative Petition 100 would amend the Oregon Constitution by adding a new section that contains the following text: "Voter initiatives shall control political campaign contribution and expenditure limits, while respecting First Amendment free speech." It is undisputed that Initiative Petition 100 would change the Oregon Constitution to permit at least some laws that this court in *Vannatta* held to be unconstitutional because they violated Article I, section 8. This ballot title review proceeding does not require us to, and we do not, consider the scope of the change proposed by Initiative Petition 100 or the possible validity under the proposed constitutional amendment of any particular "contribution and expenditure limits." It is sufficient for present purposes to conclude that the proposed amendment would alter in at least some significant respects the constitutionality of political campaign contribution and expenditure limits under Article I, section 8.

The Attorney General certified the following ballot title for Initiative Petition 100:

"AMENDS CONSTITUTION: ALLOWS LAWS LIMITING POLITICAL CAMPAIGN CONTRIBUTIONS AND EXPENDITURES IF THEY ARE ADOPTED BY VOTER INITIATIVES

"RESULT OF 'YES' VOTE:   'Yes' vote amends Oregon Constitution to allow laws that are adopted by voters, through the initiative process, to 'control' political campaign contribution and expenditure limit.

"RESULT OF 'NO' VOTE:   'No' vote retains the current ban in the Oregon Constitution on all laws, however those laws are adopted, that limit political campaign contributions and expenditures.

"SUMMARY:   Amends the Oregon Constitution. The Oregon Constitution currently bans all laws that impose involuntary limits on, or otherwise prohibit, political campaign contributions or expenditures by any person or entity. This constitutional ban applies regardless of whether the laws were enacted by the state legislature or by the voters through the initiative process. The measure amends the Oregon Constitution to allow laws to 'control' limitations on contributions to political campaigns and limitations on expenditures by political campaigns, but only if

those laws are enacted by the voters through the initiative process. The measure requires that such laws must, nonetheless, respect the free speech provisions of the First Amendment to the United States Constitution. Laws passed by the legislature must still comply with all Oregon constitutional provisions."

Petitioners Meyer and Fidanque challenge the caption, the "yes" and "no" vote result statements, and the summary. Petitioners Caruthers and Wolf challenge the caption, the "yes" vote result statement, and the summary. Petitioner Horton challenges the caption and the result statements. We have considered petitioners' various challenges to the different sections of the certified ballot titles and conclude that they are not well taken, with the exception of one objection that petitioners Meyer and Fidanque and petitioners Caruthers and Wolf make to the caption and to the "yes" result statement. We turn to that objection.

■ ORS 250.035(2) provides that a ballot title must contain a "caption of not more than 15 words that reasonably identifies the subject matter of the state measure." Petitioners Meyer and Fidanque argue that the caption is flawed because it fails to indicate that the proposed measure would "dramatically shrink" the "fundamental protections" of Article I, section 8, of the Oregon Constitution, as this court interpreted that provision in *Vannatta*. They assert that the subject matter of the measure is a change in the scope of the free speech right in the Oregon Constitution to permit limits on campaign contributions and expenditures. Petitioners Caruthers and Wolf make a similar point, arguing that the caption "understates" the scope of the legal changes that the measure would make because, although the caption describes the kinds of voter-initiated laws that the measure would permit, it does not inform voters that those laws "would override existing free speech and other constitutional protections."

The Attorney General responds that because the caption begins with the words "Amends Constitution," it clearly explains to voters that the proposed measure would amend the constitution. The remainder of the caption, the Attorney General asserts, accurately describes, in general terms, the nature of that amendment. The Attorney General

argues that "how a measure changes current law is not part of the subject matter of the proposed measure" and that, in any event, the word limit for the caption prevents a detailed description of how a measure would change current law.

The Attorney General is correct that the caption at issue here informs the reader that the measure would amend the constitution and then describes the measure. However, a reader of the caption would not know, for example, whether the measure addresses a subject as to which the constitution now is silent or, instead, makes a substantive change in existing constitutional law, as Initiative Petition 100 does.

This court recently addressed a similar issue in *Fidanque v. Myers*, 342 Or 485, 155 P3d 867 (2007), in considering a challenge to a ballot title that would have permitted the state to regulate "strip acts." As in this case, the certified ballot title in *Fidanque* stated that the measure would amend the constitution and that it would allow state and local governments to regulate strip acts; however, it failed to state that the measure would change existing free speech rights protected by the Oregon Constitution. This court agreed with the petitioners in *Fidanque*, holding that, because the measure would allow the regulation of expression that currently was protected by Article I, section 8, the ballot title "must state, in some way, that [the measure] would change the free expression right protected by the Oregon Constitution." 342 Or at 489.

Initiative Petition 100 would alter the scope of free expression protected by the Oregon Constitution, as it relates to limits on political campaign contributions and expenditures. That change is an important aspect of the subject of the measure, and it must be conveyed in some way in the caption. We recognize that the word limitation for a ballot title caption prevents a detailed description of how the proposed measure would change current law, but we conclude that the caption in this· case must include some reference to that change.

Petitioners Meyer and Fidanque and petitioners Caruthers and Wolf challenge the "yes" vote result statement in the Attorney General's certified ballot title on the same grounds. They argue that the "yes" vote result statement fails

to "describe the result if the state measure is approved[,]" as required by ORS 250.035(2)(b), because it does not indicate that the measure would change free speech rights now protected by the Oregon Constitution. For the reasons discussed above in connection with the caption, we agree. The "yes" vote result statement must be modified.

## II.   INITIATIVE PETITION 101

Initiative Petition 101 would amend the Oregon Constitution by adding a new section that contains the following text: "Voter-enacted laws shall control political campaign money limits, while respecting First Amendment free speech." Petitioners challenged the certified ballot title for Initiative Petition 101, and their respective challenges mirrored their challenges to the certified ballot title for Initiative Petition 100. For the reasons set forth above, we agree with petitioners Meyer and Fidanque and petitioners Caruthers and Wolf that the caption of the certified ballot title for Initiative Petition 101 does not adequately identify the subject matter of the proposed measure and that the "yes" vote result statement does not adequately describe the results if the measure is approved. The certified ballot title therefore must be referred to the Attorney General for modification. We reject petitioners' other challenges to the certified ballot title for Initiative Petition 101.

## III.   INITIATIVE PETITION 102

Initiative Petition 102 would amend the Oregon Constitution by adding a number of new sections, the first of which is identical to the amendment proposed by Initiative Petition 100. Initiative Petition 102, however, contains additional sections, including one that appears to be intended to ensure that the laws that would be constitutionally permitted if the measure were to pass include "those adopted by the voters in 2006." The parties agree that that reference is to Measure 47, a campaign finance law proposed by initiative and approved by the voters in 2006. Initiative Petition 102 also contains two paragraphs stating its purpose and a number of additional paragraphs that it describes as "legislative findings of fact."

Petitioners Meyer and Fidanque challenge various parts of the Attorney General's certified ballot title for Initiative Petition 102 on the same grounds, described above, that they challenged the certified ballot title for Initiative Petition 100. Petitioners Caruthers and Wolf raise the same challenges that they raised with respect to Initiative Petition 100, but they also challenge the description in the certified ballot title of the reference in the proposed measure to Measure 47. We have considered petitioners' challenges and conclude that they are not well taken, with the exception of the challenges to the caption and the "yes" vote result statement that we accepted above with respect to Initiative Petition 100. We therefore conclude that the certified ballot title for Initiative Petition 102 must be referred to the Attorney General for modification.

## IV.   INITIATIVE PETITION 103

Initiative Petition 103 combines the one-sentence amendment to the Oregon Constitution that is proposed in Initiative Petition 101 and the additional provisions contained in Initiative Petition 102 regarding laws "adopted by the voters in 2006," the statement of the measure's purpose, and the "legislative findings of fact," all as described above. Petitioners Meyer and Fidanque and petitioners Caruthers and Wolf challenge the various parts of the Attorney General's certified ballot title for Initiative Petition 103 on the same grounds that they challenged the ballot title for Initiative Petition 102, and our decision as to those challenges is the same: We agree with the challenges to the caption and to the "yes" vote result statement for the reasons set forth above regarding the challenge to those parts of the certified ballot title for Initiative Petition 100, and we reject the other challenges. The ballot title for Initiative Petition 103 must be referred to the Attorney General for modification.

Ballot titles referred to Attorney General for modification.